Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Parte recurrida<br><br><br>v.<br><br><br>**LUIS ALBERTO MARTÍNEZ PINO**<br><br><br>Parte peticionaria | KLCE202500311 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMON**<br><br>Caso Núm.:<br><br>**DLA2021G0055 AL DLA2021G0058 DVI2021G0009 AL DLA2021G0011 (Sala 704)**<br><br>Sobre:<br><br>**ART. 6.05 LEY 168, ART. 6.14 LEY 168, ART. 93 TENT. CÓDIGO PENAL** |

Panel integrado por su presidente el Juez Sánchez Ramos[1], el Juez Monge Gómez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos por derecho propio, Luis Alberto Martínez Pino, en adelante, Martínez Pino o peticionario, mediante la presentación de un recurso de *Certiorari* el 27 de marzo de 2025. En el mismo, solicita que revisemos la pena impuesta el 22 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante TPI-Bayamón.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por *falta de jurisdicción*.

**I.**

Según surge del recurso, el peticionario se encuentra recluido en la Institución 292, en Bayamón. En la misma, está cumpliendo

---

[1] Véase Orden Administrativa OATA-2025-070 del 9 de mayo de 2025, donde se designa al Juez Roberto J. Sánchez Ramos como presidente del Panel en sustitución del Juez Abelardo Bermúdez Torres.

una pena de reclusión de veintiséis (26) años y seis (6) meses desde el 22 de mayo de 2023, por violaciones al Artículo 6.05 y 6.14 de la Ley de Armas de Puerto Rico, Ley Núm. 168 de 11 de diciembre de 2019, 25 LPRA secs. 466d y 466m, y por tentativa de asesinato bajo el Artículo 93 del Código Penal de Puerto Rico, 33 LPRA sec. 5142.

El 17 de enero de 2025, Martínez Pino presentó una "*Moción al Amparo de la Regla 185 R.P.C.*"[2] Mediante esta, el peticionario alegó que se le sentenció erróneamente bajo el Articulo 6.14 de la Ley de Armas, supra. Arguye que de una minuta de los procedimientos ante el TPI-Bayamón, surge que el Ministerio Público radicó cargos por haber apuntado con el arma de fuego, y no por utilizarla.[3] Por lo cual, le solicitó al Foro Primario que anulara o archivara los delitos bajos los referidos artículos y la tentativa bajo el Artículo 93 del Código Penal de Puerto Rico, supra.[4]

Posteriormente, el 27 de marzo de 2025, el peticionario presentó el recurso de *Certiorari* que obra ante nos. En su alegato, Martínez Pino arguye que el Foro Primario se equivocó al sentenciarlo bajo el Artículo 6.14 de la Ley de Armas de Puerto Rico, supra. Plantea que de la sentencia surge, que al cometer el delito, solo portó el arma, y no la utilizó para disparar. Además, argumenta que se debe tomar en consideración lo dispuesto por el Artículo 37 del Código Penal de Puerto Rico, 33 LPRA sec. 5050, sobre el desistimiento, ya que en la comisión del delito, no disparó el arma de fuego.

Así las cosas, el 9 de abril de 2025, emitimos una "*Resolución*", en la que le concedimos al peticionario hasta el 14 de abril de 2025 para que acreditara la notificación al recurrido, conforme a lo dispuesto en la Regla 33(B) del Reglamento del Tribunal de

---

[2] Apéndice del recurso, págs. 2-6.
[3] *Id.*, pág. 1.
[4] Hacemos constar que ni del petitorio, ni de los anejos obra la determinación del TPI-Bayamón respecto a la moción al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185.

Apelaciones, 4 LPRA Ap. XXII-B, R. 33(B), en adelante Reglamento. De igual forma, se le concedió al recurrido hasta el 14 de abril de 2025 para presentar su oposición.

Por su parte, la Oficina del Procurador General presentó una *Solicitud de Remedio,* mediante la cual señala que no fue notificado del recurso presentado por el peticionario. Por lo cual, solicitó que se le relevara de presentar su oposición al mismo, hasta que Martínez Pino acreditara la notificación de su recurso al Procurador General.

Asimismo, el 21 de abril de 2025, emitimos una "*Resolución*", mediante la cual se le concedió un término de diez (10) días a la parte peticionaria para mostrar causa por la cual no se debía proceder con la desestimación del recurso, ante el incumplimiento con la "*Resolución*" dictada el 9 de abril de 2025. En cumplimiento de orden, el 1 de mayo de 2025, Martínez Pino compareció mediante moción. En su escrito, se limitó a indicarnos la fecha en que el TPI-Bayamón resolvió la solicitud al amparo de la Regla 185 de Procedimiento Criminal, supra. No obstante, no nos proveyó copia de la misma. Del mismo modo, tampoco acreditó haber notificado a la otra parte sobre el recurso presentado.

Así, vencido el término concedido, procedemos a expresarnos.

**II.**

"La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y controversias que tiene ante sí". *Mun. Río Grande v. Adquisición Finca,* 2025 TSPR 36, 215 DPR __ (2025); *Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 214 DPR __ (2024); Miranda Corrada v. DDFEC et al., 211 DPR 738, 745 (2023); Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). La falta de jurisdicción de un foro judicial incide de manera fatal sobre su autoridad para adjudicar una materia, por lo que puede

levantarse motu proprio o solicitud de parte. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, supra, pág. 394-395; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Es por esto, que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse de manera rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). De igual forma, conforme a lo establecido por nuestro Tribunal Supremo, las partes que comparecen *por derecho propio* deben cumplir cabalmente con estas normas al presentar sus recursos, pues esta circunstancia por sí sola no justifica su incumplimiento. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 173 (2016); *Febles v. Romar*, 159 DPR 714, 722 (2003).

Como parte del perfeccionamiento de los recursos de *Certiorari*, la Regla 33(B) del Reglamento, supra, requiere que la parte peticionaria notifique al recurrido en el término dispuesto para la presentación del recurso. *Freire Ruiz et al. v. Morales, Hernández,* supra. Añade la referida Regla que, este término es de *estricto cumplimiento.*

En cuanto a los recursos de *Certiorari,* el término del que dispone la parte peticionaria para notificar a la recurrida es de treinta (30) días, según dispone la Regla 32(D) del Reglamento, supra, para su presentación.

Ahora bien, los términos para la presentación o notificación de recursos apelativos pueden ser jurisdiccionales o de estricto cumplimiento. Los términos jurisdiccionales son fatales, pues no pueden ser prorrogados o extendidos, no importando las consecuencias procesales. *Rosario Domínguez et al. v. E.L.A,* 198 DPR 197, 208 (2017). Sin embargo, los términos de *estricto cumplimiento* pueden ser prorrogados o extendidos **si existe justa causa para la dilación, y la misma es debidamente**

***demostrada y acreditada ante el Tribunal***. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 751-752 (2023); *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 171; *Soto Pino v. Uno Radio Group*, supra, pág. 92.

La importancia del requisito de notificación yace en que colocan a la parte contraria en posición de conocer y responder adecuadamente a la decisión recurrida. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Soto Pino v. Uno Radio Group*, supra, pág. 90. Es decir, los términos jurisdiccionales que no se cumplen en el término prescrito por ley, y los términos de estricto cumplimiento que no se observan sin justa causa, privan de jurisdicción al Tribunal que los atiende. Sabido es, que a falta de justa causa, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto. *Div. Empleados Públicos UGT v. CEMPR,* supra, pág. 751.

Por último, la Regla 83 (B) y (C) del Reglamento, supra, nos permite desestimar un recurso que se presentó sin jurisdicción, a solicitud de parte o a iniciativa propia.

**III.**

El peticionario recurre ante nos y plantea que el TPI-Bayamón erró al imponerle una "*Sentencia*" bajo el Artículo 6.14 de la Ley de Armas de Puerto Rico, supra. La "*Sentencia*" de la cual solicita la revisión fue dictada el 22 de mayo de 2023. Surge del recurso que, el 17 de enero de 2025, el peticionario presentó una moción al amparo de la Regla 185 de Procedimiento Criminal, supra.

Nuestro Reglamento establece que, para que este Tribunal pueda adquirir jurisdicción, la parte que presenta un recurso de *Certiorari*, debe acreditar el cumplimiento con la notificación al recurrido de la presentación del mismo. Lo anterior, debe llevarse a cabo dentro del término dispuesto en el Reglamento para presentar el recurso, el cual es de estricto cumplimiento. Por lo cual, para que

6

este sea prorrogado, la parte debe acreditar que hubo justa causa para su dilación.

En el caso ante nos, el peticionario no evidenció haberle notificado a la otra parte de la presentación del recurso. El término de notificación en el caso de epígrafe era uno de estricto cumplimiento. Por tal razón, se le concedió diez (10) días al peticionario para mostrar causa por la cual no se debía desestimar el mismo.

Tras no acreditar la notificación ni mostrar causa por su incumplimiento dentro del tiempo concedido, el peticionario incumplió con la Regla 33(B) de nuestro Reglamento, supra. Por ende, nos vemos imposibilitados de ejercer nuestra jurisdicción sobre el recurso que obra ante nos.

**IV.**

Por los fundamentos antes expuestos, *se desestima el recurso por falta de jurisdicción.*

El Juez Sánchez Ramos *concurre* con la determinación de desestimar el recurso, ello por el craso incumplimiento del peticionario con varias disposiciones del Reglamento de este Tribunal; consigna, además, que aun si tuviéramos jurisdicción, hubiese, en el ejercicio de su discreción, denegado la expedición del auto solicitado, pues el recurso no plantea asunto sustancial alguno que justifique nuestra intervención.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones